**Gail K. LAWSON, Respondent,**

v.

**Samuel Clay DAVIDSON, Appellant.**

No. 48080.

Supreme Court of Missouri,

Division No. 1.

March 13, 1961.

Roy F. Carter, Kansas City, for appellant. Sprinkle, Carter, Sprinkle & Larson, Kansas City, of counsel.

John L. Sheridan, Donald E. Raymond, Kansas City, for respondent. Pew, Taylor, Sheridan & Baty, Kansas City, of counsel.

HOLMAN, Commissioner.

Action to recover damages in the sum of $50,000 for personal injuries alleged to have been sustained by plaintiff in an intersectional collision between the bus he was driving as an employee of the Kansas City Public Service Company and an automobile driven by defendant. A trial resulted in a verdict for defendant. Plaintiff's motion for a new trial was sustained upon the grounds that the court had erred in giving Instructions 9 and 10 at the request of defendant. Defendant has appealed and here contends that the instructions were not erroneous and that the judgment in his favor should be reinstated.

The collision occurred at about 3 p. m. on April 29, 1957, at the intersection of Euclid and 82nd Streets in Kansas City, Missouri. Both of these streets are comparatively narrow with the paved macadam surface of Euclid being 16 feet wide and the paved portion of 82nd being 12 feet wide. The bus was proceeding south on Euclid and defendant's car was being driven west on 82nd Street. The collision occurred at about the center of the intersection. The grade of the lot at the northeast corner of the intersection is 2¾ feet higher than the street and the lot is bordered by a 3½ foot hedge so that the top of the hedge is 6¼ feet above the pavement. This hedge prevented each driver from seeing the other vehicle until he reached a point near the intersection. There is a seven percent downgrade on Euclid between 81st and 82nd Streets. Euclid was not on the regular bus route but was being used upon the day in question as a detour.

Plaintiff testified that as he approached the intersection he saw no traffic coming from the south or west; that his view to the east was obstructed and he slowed his bus to 5 m.p.h. until the front of the bus was even with the hedge which ran along the north side of 82nd Street; that he could then see 75 feet to the east and did not see any westbound traffic and then released the brake which permitted the speed of the bus to increase to from 10 to 15 m.p.h.; that after moving 5 or 10 feet he looked east again and saw defendant's westbound car about 100 feet east of the intersection traveling at a speed of about 35 m.p.h.; that he realized there was a possibility of collision and accordingly applied the brakes and stopped the bus in the center of the intersection; that defendant's car (then 15 feet away) struck the bus just beneath the point where the driver sat; that he (plaintiff) was somewhat dazed for several hours after the collision and later discovered a bruise mark on the side of his head. Upon cross-examination plaintiff testified that he could have stopped the bus in 2 or 2½ feet at 5 m.p.h., in 8 feet at 10 m.p.h., and in 10 or 12 feet at 15 m.p.h. Evidence regarding plaintiff's injuries will not be stated as it would serve no purpose in determining the questions presented upon this appeal.

The defendant testified that he lived on 82nd about two blocks east of Euclid; that as he approached the intersection at the

time in question his view to the north was obscured by the hedge and by a car parked at the corner on the north side of 82nd; that he slowed to 10 m.p.h. and as he passed the corner of the hedge he saw the bus 18 or 20 feet north of the intersection; that the bus "could have been" going 20 m.p.h.; that he applied the brakes and locked his wheels but the left "corner" of the bumper of the bus struck the right fender of his car.

Roy T. Wessley, Jr. investigated the collision for the police department. He stated that the debris was in the center of the intersection; that the bus left skid marks for 12 feet before reaching the point where he found the debris; that defendant's car left 30 feet of skid marks; that each driver estimated the speed of his vehicle at 20 m.p.h. at the time he noticed that there was danger of collision.

One of defendant's neighbors, Mae Galyan, testified that she saw the collision as she stood in her front yard two blocks away. She stated that defendant approached the intersection at a speed of 10 to 15 m.p.h.; that she could see the top of the bus as it approached the intersection and it was going 30 to 35 m.p.h.

Plaintiff's case was submitted upon the primary negligence of defendant in entering the intersection at an excessive rate of speed and in failing to keep a proper lookout.

The instructions which the trial court concluded were erroneous read as follows:

## Instruction No. 9

"The court instructs the jury that under the law in this state that the plaintiff was required to exercise the highest degree of care while operating the bus mentioned in evidence and the highest degree of care is such care as a very careful and prudent person would ordinarily exercise under the same or similar circumstances, so, therefore, if you find and believe from all of the evidence that the plaintiff failed to keep a lookout for other vehicles upon the street and particularly the vehicle operated by the defendant, if you so find, and if you further find and believe from the evidence that by keeping a lookout the plaintiff could have operated his bus so as to avoid a collision, if you so find, and could have stopped so as to avoid a collision, if you so find, and if you further find from the evidence that the plaintiff failed so to do, but permitted his bus to collide with defendant's automobile, and if you find and believe from the evidence that the plaintiff drove his bus at a high and excessive rate of speed under all the circumstances, and if you find that the plaintiff could have stopped his bus in time to have avoided the collision after he saw defendant's automobile, if so, and if you find that he failed to so stop his bus, and if you further find and believe from the evidence that the conduct of the plaintiff aforesaid constituted a failure to exercise the highest degree of care as elsewhere in this instruction defined, then you are instructed that the plaintiff was guilty of contributory negligence, and if you find such contributory negligence directly contributed to cause the collision and plaintiff's injuries, if any, if you so find, then your verdict shall be in favor of the defendant and against the plaintiff."

## Instruction No. 10

"The court instructs the jury that if you find and believe from the evidence that both the plaintiff and defendant were guilty of negligence as outlined in other instructions, then you are instructed that the plaintiff cannot recover and your verdict shall be for the defendant."

We have concluded that the giving of Instruction No. 10 constituted reversible error because it omits any reference to the essential element of causation. Defendant takes the position that the following phrase in the instruction, "negligence as outlined in other instructions," supplies that deficiency. We do not agree.

"An instruction which undertakes to direct a verdict upon elements essential to the verdict directed as set out in another instruction must properly refer to and incorporate within its terms such other instruction in such manner that the jury will understand that the elements set out in such other instruction are essential to the verdict directed." Hilton v. Mudd, Mo.App., 174 S.W.2d 31, 38. It is also well established that the language of an instruction should be so plain that no reasonable doubt can arise as to its meaning. Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 125 A.L.R. 674. Instruction No. 10 does not specifically refer to any other instructions. However, for the purposes of this opinion, we will assume (but do not decide) that, in regard to plaintiff, the quoted phrase from said instruction referred to Instruction No. 9 which submitted a number of acts of contributory negligence on his part. It will be noted, however, that Instruction No. 10 did not say that the jury should find all matters submitted in Instruction No. 9. The only requirement was a finding of "negligence as outlined in other instructions." Negligence and causation are two separate and distinct elements. The language in the latter part of Instruction No. 9 demonstrates that these elements were definitely separated in that instruction. It therefore clearly appears that the quoted phrase in Instruction No. 10 (which refers to negligence only) did not include (or require) a finding of causation as submitted in Instruction No. 9. We accordingly rule, as heretofore indicated, that Instruction No. 10 was reversibly erroneous because it directed a verdict for the defendant upon a finding of negligence on the part of plaintiff without (by reference or otherwise) requiring a finding as to causation.

In an effort to avoid the effect of the failure of the instruction to require a finding as to causation defendant has cited the case of Creech v. Blackwell, Mo.Sup., 318 S.W.2d 342. In that case the instruction required a finding that the contributory negligence submitted caused or contributed to cause the collision but failed to include either the word "directly" or "proximately." We held that the instruction was not reversibly erroneous because "the instruction adequately hypothesized findings of facts which, when found in any manner to cause or contribute to cause the collision, would of necessity constitute a legal and proximate cause." 318 S.W.2d loc. cit. 351. However, that case would not support a ruling that an instruction (like the one under consideration) may wholly fail to require any finding that the negligence submitted caused or contributed to cause the injury. It is therefore our opinion that the Creech case does not support defendant's contention herein.

Since the order granting a new trial must be affirmed because of error in the giving of Instruction No. 10 we need not consider the contention that Instruction No. 9 is also erroneous. Prior to another trial counsel for defendant will have an opportunity to make such corrections in that instruction as may be considered necessary, in view of the attack made thereon by plaintiff.

The order granting a new trial is affirmed and cause remanded.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.